## T. T. ALEXANDER *v.* W. H. SHEETS.

Receipt—Prima Facie Evidence.

   Though a receipt is only prima facie evidence of payment, and may
   be explained, or even contradicted by evidence aliunde, in the absence
   of evidence of a mistake, or that it was not precisely what the writer
   of it intended it to be, it will not be disturbed.

APPEAL FROM M'LEAN CIRCUIT COURT.

*October 9, 1868.*

OPINION OF THE COURT BY JUDGE PETERS:

It is true that a receipt is only *prima facie* evidence of the pay-
ment of money, and may be explained, or even contradicted, by
evidence *aliunde.*

In this case the receipt states explicitly, not only the amount
received, and from whom, but goes farther, and states that the
said amount is "paid by W. C. Mattingly on execution in favor
of F. W. Alexander vs. Mattingly which issued from the McLean
circuit court."

It is contended that the error or mistake in the receipt is that
the money was not paid on the execution in favor of F. W. Alex-
ander, but on one or more in favor of Garvin Bell & Co. v. Mat-
tingly, and to sustain that position, Owen, the attorney who re-
covered the judgment in favor of Alexander, and of Garvin Bell
& Co. v. Mattingly, and who received the money from Williams &
Barrett, was introduced as a witness, who stated that he collected
the money from Williams & Barrett, under instructions from Mat-
tingly to do so, and to pay it on judgments of Garvin Bell & Co.
and of Alexander against Mattingly which had not been replevied,
and if that and other sums which Mattingly had paid him, over-
paid the judgments which he had not replevied, the overplus was
to be applied *pro rata* to those he had replevied, and that he "re-
ceipted to Williams & Barrett in the name of F. W. Alexander
*indifferently* he being one of the plaintiffs in two of the execu-
tions." That it was not his design at the time, nor did he apply
the money to the F. W. Alexander debt, but he forwarded it to
Garvin Bell & Co.

The witness does not state that he made any mistake in the execution of the receipt, or that it does not express what he intended it should express; nor does he explain what he means by saying he receipted in the name of Alexander *indifferently*. If he means by that mode of expression, that he was indifferent at the time of writing the receipt upon whose execution the amount should be credited, appellee should have the benefit of it, because the receipt in terms gives it to him, and this conclusion is strengthened by the fact that other sums paid by Mattingly had been applied to the payment of the unreplevied debts, and it is uncertain whether the attorney did not believe that the sums already paid by Mattingly, and others which might be realized from other claims of Mattingly in the hands of the attorney, and of Shackelford, the sheriff, sufficient to satisfy the whole of the judgment not replevied.

But there is no evidence of a mistake in the receipt, or that it is not precisely what the writer of it, who was the attorney of all the plaintiffs in said executions, intended it to be, and it is not sufficient to authorize a change of the destination of the money appropriated to the purpose designated in the receipts.

Wherefore, the judgment is affirmed.

*Little, for appellant.*

*Sweeney & Tanner, for appellee.*